**UNIVERSAL MAJOR ELEC. APPLI-
ANCES, Inc., a Delaware
corporation,**

and

**Birdsboro Steel Foundry and Machine
Company, a Delaware corpora-
tion, Plaintiffs,**

v.

**Herbert A. BRAASCH,**

and

**Anna Morris, Defendants.**

United States District Court
S. D. New York.

July 12, 1956.

Hale, Kay & Brennan, New York City,
for plaintiffs.

S. David Leibowitt, New York City,
for defendant Anna Morris.

LEVET, District Judge.

The plaintiffs in this action have
moved the Court for an order enjoining
and restraining the defendants, pending
the final determination of this action and
entry of judgment therein, from trans-
ferring, selling, assigning or otherwise
disposing of Series B 6% Convertible
Income Debentures of the plaintiff, Uni-
versal Major Elec. Appliances, Inc. (here-
inafter referred to as "Universal"), in
the aggregate principal amount of $21,-
000 registered in the name of the de-
fendant Herbert A. Braasch.

The action is for a judgment directing
the defendants Braasch and Anna Mor-
ris to deliver to Universal for cancella-
tion certain Series B 6% Convertible
Income Debentures in the aggregate
principal amount of $21,000, registered
in the name of Braasch, in exchange for
certificates of a certain number of shares
of the common stock of the plaintiff, and
to enjoin the said defendants from trans-
ferring the said Series B Debentures.

It is alleged that on December 20,
1955, defendant Braasch attended a
meeting of the Board of Directors of
Universal and apparently represented
that he owned the aforesaid debentures.
On the basis of this representation it
appears that Braasch was elected to
membership on the Board and took off
on such an assignment. The Board acted
favorably upon a proposed merger of
Universal and Birdsboro Steel Foundry
and Machine Company (hereinafter re-
ferred to as "Birdsboro") and the direc-
tors unanimously approved the proposal
on January 23, 1956, at a meeting at
which Braasch attended as a director.
One of the conditions under which the
merger was proposed by Birdsboro was
that the Series B Debentures of Univer-
sal must be converted into common stock
of Universal. On February 27, 1956, the
Board met to approve the merger agree-
ment; Braasch abstained from voting.
On February 29, 1956, Braasch is said
to have met with an attorney in New
York and again represented that he,
Braasch, owned $21,000 of the aforesaid
debentures. On March 2, 1956, Braasch
delivered a letter to Birdsboro, dated the
same date, in which he agreed to con-

vert as required by the Agreement of Merger.

Universal is insolvent. The proposed merger with Birdsboro is reported to be for the best interests of Universal's creditors, debenture holders, stockholders, etc. The plaintiffs contend that Braasch seeks to avoid his fiduciary duty as a director and derive personal gain by transferring the said debentures to a bona fide purchaser for value prior to or after the consummation of the proposed merger for a price far in excess of the conversion price granted to other debenture holders and that the merger will not be accomplished by reason of this condition now existing.

The defendant Anna Morris contends that she was a bona fide purchaser of the securities for value before Braasch was connected with the company and before the merger plan was initiated. The affidavits and exhibits submitted in opposition to this motion appear to sustain this contention. It appears that on the advice of her stock broker, one Arthur Greenbaum, Miss Morris purchased $23,000 of these debentures at a market price of $100 for each $1,000 bond, thus paying the sum of $2,300. This is substantiated by bills from Greenbaum dated November 23, 1955, by a check dated November 28, 1955 and by a withdrawal on November 28, 1955, from an interest account of $2,300.

The underlying reasons for the apparent acts of the defendant Braasch do not appear and he, in fact, denies that he represented that he owned debenture bonds at the time he became a director. Apparently, his contention is that he was speaking for various friends.

There is a substantial dispute as to the facts underlying the claim for relief and the probability that plaintiffs will ultimately prevail has not clearly been shown. Under the circumstances, plaintiffs' motion must be denied.

So ordered.